UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KENNETH KENDRYNA,

        Plaintiff,

  v.

MICHAEL ASTRUE, Commissioner of
Social Security Administration,

        Defendant.

CASE NO. **C07-5703RBL**

REPORT AND RECOMMENDATION

Noted for January 9, 2009

This matter has been referred to Magistrate Judge J. Kelley Arnold pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Magistrates Rule MJR 4(a)(4) and as authorized by <u>Mathews, secretary of H.E.W. v. Weber</u>, 423 U.S. 261 (1976). This matter has been briefed, and after reviewing the record, the undersigned recommends that the Court remand the matter for further consideration.

INTRODUCTION

Plaintiff, Kenneth Kendryna, was born in 1955. He obtained a high school education, some college, and additional training in computers. He has past work as a sales representative for computer systems, a toll collector, and a laborer/cashier in waste management (Tr. 27, Finding 6; 77, 284-85).

Mr. Kendryna testified that in his previous job, he was selling software for theatre management systems. (Tr. 266). Before that, he had always been selling computer hardware and software. (Tr. 266). He testified that in his job selling the computer software, he had an on-the-job injury when the roof of the building fell on his head. (Tr. 266). At first he didn't think he was hurt, but he soon thereafter noticed he

REPORT AND RECOMMENDATION
Page - 1

was having problems with his memory. (Tr. 267). Mr. Kendryna further testified that he cannot work because his chronic obstructive pulmonary disease (COPD) has worsened, and he suffers from depression, and he sleeps maybe 15 or 16 hours a day. (Tr. 269).

Plaintiff filed an application for Supplemental Security Income (SSI) disability benefits on April 20, 2004, and filed an application for Social Security disability benefits on May 19, 2004. (Tr. 54-56, 227-30). He alleged disability due to short term memory loss and an inability to learn new things (Tr. 76). In his applications, he alleged that he has been disabled under the Social Security Act since March 1, 2000 (which has now been amended to December 1, 2002). His applications were denied initially and on reconsideration. (Tr. 45-46, 49-52, 232-34, 236-38). Mr. Kendryna filed a hearing request and a hearing was held before an Administrative Law Judge ("ALJ") on March 6, 2007. (Tr. 258-94). On April 19, 2007 the ALJ issued a decision in which she found that Mr. Kendryna was not disabled. (Tr. 14-28). Mr. Kendryna requested review by the Appeals Council which, on October 25, 2007, denied his request for review, leaving the decision of the ALJ as the final decision of the Commissioner. (Tr. 6-9).

Plaintiff filed his Complaint with the Court seeking judicial review of the administrative decision, challenging the denial of his applications for social security benefits. Specifically, plaintiff contends: (1) the ALJ erred in failing to consider all of the functional limitations caused by all of claimant's impairments; (2) the ALJ failed to give appropriate weight to the opinion of claimant's treating and examining physicians; (3) the ALJ failed to properly consider claimant's testimony regarding his symptoms and limitations; (4) the ALJ improperly determined claimant's residual functional capacity; and (5) the commissioner failed to meet the burden of showing that the claimant can perform any work in the national economy. Defendant counters the ALJ applied the proper legal standards and that the administrative findings and conclusions are properly supported by substantial evidence.

## DISCUSSION

This Court must uphold the determination that plaintiff is not disabled if the ALJ applied the proper legal standard and there is substantial evidence in the record as a whole to support the decision. Hoffman v. Heckler, 785 F.2d 1423, 1425 (9th Cir. 1986). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Richardson v. Perales, 402 U.S. 389, 401 (1971); Fife v. Heckler, 767 F.2d 1427, 1429 (9th Cir. 1985). It is more than a scintilla but less

than a preponderance. Sorenson v. Weinberger, 514 F.2d 1112, 1119 n.10 (9th Cir. 1975); Carr v. Sullivan, 772 F. Supp. 522, 525 (E.D. Wash. 1991). If the evidence admits of more than one rational interpretation, the Court must uphold the Secretary's decision. Allen v. Heckler, 749 F.2d 577, 579 (9th Cir. 1984).

## A. THE ALJ ERRED WHEN FAILED TO FIND OR CONSIDER MR. KENDRYNA'S COGNITIVE DISORDER A "SEVERE" IMPAIRMENT AT STEP-TWO

The claimant bears the burden of proof at steps one through four. Tackett v. Apfel, 180 F.3d 1094, 1098-99 (9th Cir. 1999). Step-two of the administration's evaluation process requires the ALJ to determine whether an impairment is severe or not severe. 20 C.F.R. §§ 404.1520, 416.920 (1996). An impairment is "not severe" if it does not "significantly limit" the ability to do basic work activities. 20 C.F.R. §§ 404.1521(a), 416.921(a). The Social Security Regulations and Rulings, as well as case law applying them, discuss the step-two severity determination in terms of what is "not severe." According to the Commissioner's regulations, "an impairment is not severe if it does not significantly limit [the claimant's] physical ability to do basic work activities," 20 C.F.R. §§ 404.1520(c), 404.1521(a)(1991). Basic work activities are "abilities and aptitudes necessary to do most jobs, including, for example, walking, standing, sitting, lifting, pushing, pulling, reaching, carrying or handling." 20 C.F.R. § 140.1521(b); Social Security Ruling 85- 28 ("SSR 85-28"). An impairment or combination of impairments can be found "not severe" **only** if the evidence establishes a slight abnormality that has "no more than a minimal effect on an individuals ability to work." *See* SSR 85-28; Yuckert v. Bowen, 841 F.2d 303, 306 (9th Cir. 1998) (adopting SSR 85-28)(emphasis added).

Here, Plaintiff argues the ALJ erred when she did not properly consider opinion evidence from Dr. Westphal and Dr. Corpolongo that Mr. Kendryna has a cognitive disorder and failed to find this impairment to be "severe." Plaintiff argues the ALJ failed to consider the effects of this impairment at steps three through five, requiring remand for further proceedings.

After carefully reviewing the record, the undersigned agrees. Plaintiff has presented sufficient evidence to meet his burden of establishing that his claimed cognitive disorder was a medically determinable mental impairment during the period at issue.

Mr. Kendryna has been evaluated by three psychologists since the alleged onset date of his disability: Dr. Westphal, Dr. Corpolongo, and Dr. Neims. All three psychologists diagnosed him with a

REPORT AND RECOMMENDATION
Page - 3

cognitive disorder. In a psychological evaluation dated August 3, 2004, Dr. Westphal diagnosed Mr. Kendryna with cognitive disorder, NOS; and dysthymia, and rated his GAF at 40.11 Dr. Westphal administered the Wechsler Memory Scale – III, and found that Mr. Kendryna was at the second percentile or below in auditory immediate memory, visual immediate memory, immediate memory, auditory delayed memory, visual delayed memory, auditory recognition delayed memory, and general memory. (Tr. 158). Dr. Westphal found that Mr. Kendryna's working memory was at the 13th percentile. (Tr. 158). Dr. Corpolongo evaluated Mr. Kendryna three times, on June 28, 2004, May 22, 2006, and April 2, 2007. In the first evaluation, Dr. Corpolongo diagnosed Mr. Kendryna with dementia due to head trauma and mood disorder reactive to neurological. (Tr. 146). In his second evaluation, Dr. Corpolongo diagnosed Mr. Kendryna with cognitive disorder NOS/dementia due to head trauma; and adjustment disorder with depressive mood. (Tr. 209). In his third evaluation, dated April 2, 2007, Dr. Corpolongo diagnosed Mr. Kendryna with personality changes due to head trauma/mood disorder due to general [ ]; dysthymic disorder; and cognitive disorder NOS. (Tr. 221). In that evaluation, Dr. Corpolongo rated Mr. Kendryna as being markedly impaired in his ability to understand, remember, and follow simple (1 or 2 step) instructions; understand, remember, and follow complex (more than 2 step) instructions; and learn new tasks. (Tr. 222). He also rated Mr. Kendryna as being moderately impaired in his ability to respond appropriately to and tolerate the pressure and expectations of a normal work setting, care for self, including personal hygiene and appearance, and control physical or motor movements and maintain appropriate behavior. (Tr. 222).

In sum, the ALJ erred when she did not include a cognitive disorder as a severe impairment at step-two of the administrative process. Given this error, the ALJ's analysis and findings at steps three through five are equally flawed, and the matter must be remanded for further consideration.

## CONCLUSION

Based on the foregoing discussion, the Court should remand the matter to the Administration for further consideration. On remand, the administration should reconsider steps two through five. Review should include reconsideration of the medical evidence and Plaintiff's testimony.

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties shall have ten (10) days from service of this Report to file written objections. *See also*

Fed.R.Civ.P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. Thomas v. Arn, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the clerk is directed to set the matter for consideration on **January 9, 2009**, as noted in the caption.

DATED this 15th day of December, 2008.

                                          */s/ J. Kelley Arnold*
                                          J. Kelley Arnold
                                          U.S. Magistrate Judge